**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| OBIE OBIE MASANGO, | : | Case No. 3:18-cv-107 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| SINCLAIR COMMUNITY COLLEGE, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Obie Obie Masango brings this case *pro se* challenging the actions of Defendant Sinclair Community College.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or otherwise subject to dismissal at this early stage of the case. *See* 28 U.S.C. § 1915(e)(2). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004)). Nonetheless, *pro se* plaintiffs must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

In the present case, Plaintiff's allegations in his Complaint are sparse:

> Sinclair Community College, February 23[rd], 2018. Curtis [T]aylor a psychology teacher, Scott Markland Vice president of student affairs. Misinformation about [vio]lation of

> protection order. I was simply waiting to go to my next class
> and the person in question (Curtis Taylor) happened to be in
> the vi[c]inity. I simply return[ed] a job application that I
> simply filled out to a friend. I was unaware that my friend …
> was in the person[']s] class.

(Doc. #1, *PageID* #6). On the Civil Cover Sheet, Plaintiff described his cause as "Discrimination." *Id.* And, although Plaintiff did not request any relief in his Complaint, he indicated on the Civil Cover Sheet that his demand was $100,000. *Id.*

Construing Plaintiff's allegations liberally in his favor, he seeks to raise a constitutional claim under 42 U.S.C. § 1983. "There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010)).

Defendant Sinclair Community College "is a political subdivision organized pursuant to Ohio Revised Code Chapter 3354 and is governed by a Board of Trustees empowered by statute to appoint administrative officers, faculty, and staff." *Melendez v. Sinclair Cmty. Coll.*, No. 3:05 CV 338, 2007 WL 81846, at *2 (S.D. Ohio Jan. 8, 2007) (Merz, M.J.) (citing Ohio Revised Code § 3354.09(D) and (J)); *see also Brown v. Strickler*, 422 F.2d 1000, 1001 (6th Cir. 1970) ("An institution such as this, serving an important public function and financed by public funds, is sufficiently linked with the state for its acts to be subject to the limitations of the Fourteenth Amendment.") (citation and quotation marks omitted). As a political subdivision, Defendant Sinclair is a "'person[]' within the meaning of § 1983 and may therefore be sued directly if [it]

alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Melendez*, 2007 WL 81846, at *5 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Plaintiff did not allege that Defendants' policy or custom caused his injury. Thus, he failed to allege the first element of a § 1983 claim.

Likewise, Plaintiff did not allege that Defendant's conduct deprived him of a right secured by federal law—the second element of a § 1983 claim. Indeed, he does not plausibly allege that *any* of his rights were violated. Instead, he claims that Defendant reported "misinformation" about his accidental violation of a protective order. This does not implicate any federal rights.

Accordingly, Plaintiff's Complaint has no arguable legal basis and is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2);

2. The Court certify under 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and

3. The case be terminated on the docket of this Court.

April 25, 2018                                        *s/Sharon L. Ovington*
                                                                               Sharon L. Ovington
                                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).